**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 95-5890**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN M. BAUMGARDNER,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Chief District Judge. (CR-95-3)

Submitted: July 30, 1996          Decided: September 11, 1996

Before HALL, HAMILTON, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kevin D. Mills, MILLS & SCALES, Martinsburg, West Virginia, for Appellant. William D. Wilmoth, United States Attorney, Lisa Grimes Johnston, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kevin M. Baumgardner appeals from the district court's imposition of his sentence for bank robbery. Specifically, he contends: (1) that the district court committed clear error when it refused to grant his request for a downward departure from the Sentencing Guidelines; and (2) that as a matter of law passing a note to a teller containing the statement, "I have a knife," is insufficient to justify a three-point enhancement under U.S.S.G. § 2B3.1(b)(2)(E). We affirm.

Addressing Baumgardner's first claim, we note that a denial of a motion for departure is not reviewable on appeal unless the district court mistakenly believed that it lacked the authority to depart. United States v. Darby, 37 F.3d 1059, 1068 (4th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3787 (U.S. May 1, 1995) (No. 94-7778). In the present case, the district court acknowledged that in some factual situations a downward departure for the reason requested might be warranted, but found that the facts were not present in Baumgardner's case. Given this understanding of authority, this court cannot review the district court's refusal to depart.

Turning to Baumgardner's remaining claim, we note that the district court's application of the § 2B3.1(b)(2)(E) enhancement was based on its finding that Baumgardner did in fact possess a knife. Thus, we review for clear error. See United States v. Jones, 31 F.3d 1304, 1315 (4th Cir. 1994) (providing standard of review for factual findings in Sentencing Guidelines application issues).

2

Finding none, we affirm the district court's three-point enhancement. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED